UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HANDSONTOYS, INC.<br><br>Plaintiff,<br><br>v.<br><br>PETSMART, INC.<br><br>Defendants. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff HandsOnToys, Inc. ("HandsOnToys"), for its Complaint against defendant PetSmart, Inc. ("PetSmart"), alleges as follows:

### PARTIES

1. Plaintiff HandsOnToys is a Massachusetts corporation with its principal place of business at 84 Sherman Street, Cambridge, MA 02140.

2. Upon information and belief, defendant PetSmart is a Delaware corporation with its principal place of business at 19601 North 27th Avenue, Phoenix, AZ 85027.

### NATURE OF THE ACTION

3. This is a civil action for infringement of United States Patent No. 6,568,982 ("the '982 patent") under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*; and for infringement of United States Copyright Registration No. VA-1-365-646 ("the '646 copyright") under the Copyright Laws of the United States, 17 U.S.C. § 101 *et seq.*

### JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over PetSmart because, among other things, PetSmart has committed, aided, abetted, contributed to, and/or participated in the commission of patent and copyright infringement in this judicial district and elsewhere that led to foreseeable harm and injury to HandsOnToys. Moreover, PetSmart has conducted and does conduct business within the Commonwealth of Massachusetts.

6. PetSmart, directly or through intermediaries, makes, distributes, offers for sale, sells, and advertises its products in the United States and the Commonwealth of Massachusetts.

7. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## Background

8. The '982 patent, entitled "Ball Comprised of Interwoven Rings," was duly and legally issued by the United States Patent and Trademark Office on May 27, 2003. A copy of the '982 patent is attached hereto as Exhibit A.

9. HandsOnToys is the exclusive licensee of the '982 patent and has the right to sue and recover damages for any current or past infringement of the '982 patent.

10. HandOnToys is the owner of the '646 copyright. A copy of the '646 copyright registration is attached as Exhibit B.

11. HandsOnToys focuses its business on bringing innovative products and inventions to the toy markets by designing, developing and marketing toys.

12. HandsOnToys' exclusive pet industry distribution partner, Multipet International, Inc. ("Multipet") sells a dog toy under the name "Nobbly Wobbly." This toy ball is covered by the '982 patent and marked with the patent number. HandsOnToys also has toy market

distributors, such as Toysmith, a Division of Toy Investments, Inc. ("Toysmith"), that sells a ball covered by the '982 patent and marked with the patent number. Below is a photo of the Nobbly Wobbly as sold by Multipet:



13.     On November 18, 2015, counsel for HandsOnToys sent PetSmart a letter placing it on notice of the infringement of the '982 patent and the '646 copyright by PetSmart's commercial activities in connection with the Puppies "R" Us Knot Ball Dog Toy. The letter attached a copy of the patent and the copyright registration.

14.     Upon information and belief, with knowledge of its infringement, PetSmart continued selling the Puppies "R" Us Knot Ball Dog Toy after receipt of the November 18, 2015 letter until stopping sales sometime in or after March 2016. Upon information and belief, PetSmart retains unsold inventory of the Puppies "R" Us Knot Ball Dog Toys.

15.     Upon information and belief, PetSmart had access to the Multipet Nobbly Wobbly prior to designing and selling the Puppies "R" Us Knot Ball Dog Toys.

16.     Upon information and belief, PetSmart had access to the '982 patent and '646 copyright registration prior to the first sale of the Puppies "R" Us Knot Ball Dog Toys.

## COUNT I

### Infringement of the '982 Patent

17.   Paragraphs 1-16 are incorporated by reference as if fully stated herein.

18.   Upon information and belief, PetSmart has infringed and continues to infringe at least claim 1 of the '982 patent by making, using, selling, offering for sale, and/or importing the Puppies "R" Us Knot Ball Dog Toy.

19.   Fig. 1 of the '982 patent shows a preferred embodiment of the patented ball:



20.   Below is a photograph of PetSmart's Puppies "R" Us Knot Ball Dog Toy.

4



21. PetSmart's Puppies "R" Us Knot Ball Dog Toy infringes at least claim 1 of the '982 patent. Claim 1 recites:

1. A ball comprising:

a plurality of interwoven loops, each loop having a generally polygonal shape and defining a plurality of regularly spaced convex vertices separated by an equal plurality of regularly spaced concave connecting sections, the loops interwoven such that each of the loop apexes overlies a connecting section of another loop, to achieve a ball with a number of protruding apexes and a hollow interior.

22. PetSmart's Puppies "R" Us Knot Ball Dog Toy is a ball toy.

23. PetSmart's Puppies "R" Us Knot Ball Dog Toy includes a plurality of interwoven loops.

24. Each of the plurality of interwoven loops in the PetSmart's Puppies "R" Us Knot Ball Dog Toy is generally of a five-sided shape.

25. Each of the plurality of interwoven loops in the PetSmart's Puppies "R" Us Knot Ball Dog Toy have regularly spaced convex vertices separated by an equal number of concave loop sections.

26. The loops in the PetSmart's Puppies "R" Us Knot Ball Dog Toy are interwoven such that the apexes of the loop, located at the convex vertices, each overlie a connecting section of another loop.

27. PetSmart's Puppies "R" Us Knot Ball Dog Toy has five apexes on each of its six interwoven loops around a hollow ball interior.

28. HandsOnToys has complied with the statutory requirement of placing a notice of Letters Patent on all toys distributed by Multipet and Toysmith that are covered by the '982 patent and has given PetSmart actual written notice of the infringement.

29. PetSmart's infringement had been willful.

30. Because of PetSmart's infringement of the '982 patent, HandsOnToys has suffered damages and, upon information and belief, will continue to suffer damages in the future.

## COUNT II

### Copyright Infringement

31. Paragraphs 1-30 are incorporated by reference as if fully stated herein.

32. Without consent, authorization, approval or license, PetSmart knowingly, willingly, and unlawfully copied, prepared, published and distributed HandsOnToys'

copyrighted work and continues to do so. PetSmart's Puppies "R" Us Knot Ball Dog Toy infringes the '646 copyright and PetSmart is not licensed to do so.

33. On information and belief, PetSmart's infringements are and have been knowing and willful.

34. By this unlawful copying, use, and distribution, PetSmart has violated HandsOnToys exclusive rights under 17 U.S.C. § 106.

## PRAYER FOR RELIEF

WHEREFORE, HandsOnToys respectfully requests that this Court enter judgment against PetSmart as follows:

A. That PetSmart, Inc. has infringed the '982 patent and the '646 copyright;

B. An order awarding HandsOnToys statutory damages and damages according to proof resulting from PetSmart's infringement of the patents and copyrights at issue in this litigation, together with prejudgment and post-judgment interest;

C. Trebling of damages under 35 U.S.C. § 284 in view of the willful and deliberate nature of PetSmart's infringement of the '982 patent;

D. An order awarding HandsOnToys its costs and attorney's fees under 35 U.S.C. § 285 and 17 U.S.C. § 505;

E. A preliminary and permanent injunction preventing PetSmart, and those in active concert or participation with PetSmart, from directly infringing the '982 patent and the '646 copyright;

F. An order that all copies made or used in violation of the '646 copyright and all means by which such copies may be reproduced, be impounded or destroyed or otherwise reasonably disposed of;

G. A judgment requiring that, in the event a permanent injunction preventing future acts of infringement is not granted, HandsOnToys be awarded a compulsory ongoing licensing fee; and

H. That HandsOnToys be awarded such other and further relief at law or equity as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff HandsOnToys hereby demands a trial by jury on all claims and issues so triable.

Respectfully Submitted,

HANDSONTOYS, INC.

By its attorneys,

/s/ Robert R. Gilman
Robert R. Gilman (BBO No. 645224)
PRINCE LOBEL TYE LLP
One International Place, Suite 3700
Boston, MA 02110
Phone: (617) 456-8000
Fax: (617) 456-8100
rgilman@princelobel.com

Dated: June 13, 2016